# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE RIVAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-CV-01948 |
| v. | (MEHALCHICK, M.J.) |
| CBK LODGE GENERAL PARTNER, LLC, et al, | |
| Defendants. | |

## MEMORANDUM

Plaintiff Jacqueline Rivas, a New Jersey resident, commenced this negligence action on November 11, 2019, seeking to recover damages arising from injuries she sustained on a "water coaster" ride at the Camelback Lodge & Indoor Aquatopia Waterpark (the "Waterpark") in Tannersville, Pennsylvania. (Doc. 1, at 2-4). Rivas asserts two causes of action against defendants CBK Lodge General Partner, LLC, and CBK Lodge, L.P. (collectively, "Defendants"): one for negligence, and a second for punitive damages. (Doc. 1, at 11, 15).

Before the Court are Rivas's motions to strike the second and third affirmative defenses. (Doc. 13; Doc. 15). Defendants filed briefs in opposition, and the motions are now ripe for review and disposition. (Doc. 22; Doc. 23).

For the following reasons, Rivas's motions to strike (Doc. 13; Doc. 15) are **GRANTED IN PART** and **DENIED IN PART**. Specifically, her motions are granted to the extent that Defendants' *second* affirmative defense is struck from their answers.

I. **BACKGROUND AND PROCEDURAL HISTORY**

In her complaint, Rivas alleges that she visited the Waterpark on January 11, 2018,

with her teenage brother. (Doc. 1, at 5). The two rode the Storm Chaser Water Coaster, a water slide that individuals ride aboard a two-passenger raft. (Doc. 1, at 5). At the entrance of the slide, neither Rivas nor her brother were advised of any restrictions that would prohibit them from riding the Coaster – they *were* advised, however, that if they became stuck in the Water Coaster, a lifeguard would retrieve them. (Doc. 1, 5). Rivas, "the larger passenger," was seated to the rear of the raft, with her brother front. (Doc. 1, at 5). They descended the slide, approached a curve about one minute later, and the raft became stuck "due to no fault of their own." (Doc. 1, at 7).

Once stuck, Rivas and her brother screamed for help but remained stranded for several minutes awaiting assistance. (Doc. 1, at 7-8). Instead of "identifying, diagnosing and properly remedying an emergent situation by stopping the ride and rescuing [Rivas] and her brother, Defendants' employees recklessly continued to send riders down the slide thereby creating an all but certain collision and physical injury to [Rivas]." (Doc. 1, at 8). When another raft ridden by an adult and child "violently struck" them, Rivas and her brother – along with the other riders – were thrown from their raft. (Doc. 1, at 8). Rivas, "absorbed the impact about her head, neck and upper back area," and her bathing suit bottom was temporarily lost. (Doc. 1, at 8). Two more sets of riders were sent down the slide, the final pair having allegedly alerted Defendants' employees about the other stuck riders. (Doc. 1, 8-9).

After about 15 minutes, Rivas was extracted from the slide and taken to the emergency room for "acute, cervical spine injuries . . . ." (Doc. 1, at 9).

## II.   LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* 2008 WL 2758238, at *14 (E.D. Pa. 2008) (internal quotation marks omitted). Motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale,* 2008 WL 2758238, at *14 (quoting *River Road Devel. Corp. v. Carlson Corp.,* Civ. A. No. 89-7037, 1990 WL 69085, at *2 (E.D.Pa. May 23, 1990)). Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. CIV.A. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

### III. ANALYSIS

#### A. SECOND AFFIRMATIVE DEFENSE

Rivas first argues that Defendants' second affirmative defense should be struck because the defense "is nothing more than an improper general reservation to assert additional defenses in the future rather than an actual properly plead affirmative defense." (Doc. 13, at 2; Doc. 15, at 2). Defendants, for their part, argue that this defense merely reflects their attempt to preserve their rights to assert "a more specific affirmative defense at a later date if issues that are unknown at this time are revealed during the course of discovery." (Doc. 22, at 4; Doc. 23, at 4).

Given that a "general reservation to assert additional defenses in the future is not an

affirmative defense and contravenes the Federal Rules of Civil Procedure," the Court will strike Defendants' second affirmative defense from their answers. *See U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 440 (M.D. Pa. 2018); *see* Fed. R. Civ. P. 8(c). A "general reservation, like the one here, . . . merely indicates a defendant's possible intention to assert a defense in the future. As such, it injects only ambiguity into the pleadings and therefore violates Rule 8's notice requirement." *See Vazquez v. Triad Media Sols., Inc.*, No. 15-CV-07220, 2016 WL 6092066, at *3 (D.N.J. Oct. 18, 2016) (internal quotation marks omitted) ("To the extent that Defendant's reservation can be read as an attempt to secure the right to assert additional affirmative defenses without leave of the Court, the Court strikes it.").

Accordingly, Rivas's motions to strike Defendants' second affirmative defense is granted.[1]

### B.   THIRD AFFIRMATIVE DEFENSE

Regarding Defendants' third affirmative defense, Rivas argues that it "is legally impossible insomuch as [neither defendant] is in possession of any release or waiver signed by [] Jacqueline Rivas." (Doc. 13, at 2; Doc. 15, at 2). She alleges, upon information and belief, that "any release that Defendant[s] will be able to produce would have been signed by [Rivas's] sister[-]in[-]law who actually rented the hotel room at Camelback and not [Rivas] herself." (Doc. 13, at 2; Doc. 15, at 2). Thus, Rivas contends that this defense should be struck because "[t]here is no prevailing case law that would permit one adult that is not a spouse, power of attorney or a legal representative to waive [Rivas]'s Federal and Pennsylvania Constitutional right to a civil jury trial." (Doc. 13, at 3; Doc. 15, at 3).

---

[1] Nothing about this opinion precludes Defendant from seeking leave of court to amend their affirmative defenses at a later time.

Defendants argue that they "are not obligated to prove this affirmative defense at this time, but rather, are only obligated to identify the issue in their pleadings." (Doc. 22, at 4; Doc. 23, at 4).

At this juncture, particularly given that motions to strike are generally disfavored, the Court will not exercise its discretion to strike the third affirmative defense. It cannot be said that this defense has "no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *See Natale*, 2008 WL 2758238, at *14. The very basis of Rivas's argument in support of striking this defense is a factual allegation, i.e., that Rivas never signed a release. As indicated in the case upon which Rivas heavily relies, Defendants do "not need to prove their defenses are correct or even plausible, nor do they need to establish standing to assert the defenses" – all that is required is that Defendants "provide fair notice to [Rivas] of the nature of the defense[]." *See U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 439 (M.D. Pa. 2018). Defendants have done so here.

Rivas's motion to strike Defendants' third affirmative defense is therefore denied.

### IV.   CONCLUSION

For the following reasons, Rivas's motions to strike (Doc. 13; Doc. 15) are **GRANTED IN PART** and **DENIED IN PART** to the extent that Defendants' second affirmative defense is struck.

An appropriate order will follow.

BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

Dated: May 22, 2020